WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *In the matter of the Search of* <br><br> 3407 West Port Au Prince Lane <br> Phoenix, Arizona 85053 | No. 15-9155 MB <br><br> **ORDER** |

    Mr. Abdul Khabir Wahid filed a "Motion in Limine," "Motion for Proof of Probable Cause with Supporting Affidavit Attached," and "Motion for Frank's Evidentiary Hearing" on August 22, 2016 in the above cause number. The above cause number is a search warrant which was executed on June 10, 2015. Mr. Wahid is not a criminal defendant in any pending criminal case filed in United States District Court, District of Arizona. For the reasons set forth below, the Motion in Limine and Motion for Proof of Probable Cause with Supporting Affidavit Attached will be referred to the 2:15-cv-01088-JJT-BMB for decision deemed appropriate. The "Motion for Frank's Evidentiary Hearing" will be denied in the above case to the extent Mr. Wahid is seeking a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), but referred to the civil case for any action deemed appropriate to the extent Mr. Wahid may be seeking a hearing for the return of his property.

## DISCUSSION

    In the "Motion in Limine," Mr. Wahid asks that this Court suppress in future

hearings the affidavit of the Federal Bureau of Investigation agent supporting the search warrant. There will be no future hearings held in 15-09155MB as the case is closed. Rule 41 (h) of the Federal Rules of Criminal Procedure provides that "[a] defendant may move to suppress evidence in the court where the trial will occur . . . ." Mr. Wahid is not a defendant in a criminal case. "[A] person whose Fourth Amendment rights were violated by a search or seizure, but who is not a defendant in a criminal action in which the illegally seized evidence is sought to be introduced, would not have standing to invoke the exclusionary rule to prevent use of that evidence in that action." *Rakas v. Illinois*, 439 U.S. 128, 169 n. 2 (1978) *citing United States v. Calandra*, 414 U.S. 338, 352 n.8 (1974). However, Mr. Wahid is currently a plaintiff in an active civil case, 2:15-cv-01088-JJT-BSB, where he is alleging a violation of his civil rights and specifically seeking the return of property removed from his home pursuant to the search warrant executed on June 10, 2015. The possibility of future hearings exists in the civil case. Because Mr. Wahid has requested the return of his property through a Motion to Return Property ( 2:15-cv-01088-JJT-BSB at Doc. 1) and has expressly requested the return of his property through the filing of the civil case, any relief that Mr. Wahid seeks regarding the return of his property may be addressed in the civil case. *See also* Rule 41 (g), Fed. R. Crim. P., ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.") The Court will refer the motion to the pending civil case.

In the "Motion for Proof of Probable Cause with Supporting Affidavit Attached," Mr. Wahid is requesting that the Federal Bureau of Investigations ("FBI") answer questions. The Motion appears to be a request for discovery. Any discovery requests are more appropriately directed to the civil case, not the search warrant. The Court will refer the motion to the pending civil case.

In the "Motion for Frank's Evidentiary Hearing," Mr. Wahid asks the Court to hold a hearing regarding the "truthfulness of certain statements in an Affidavit of Special F.B.I. Agent Todd Kopcha." A hearing held pursuant to *Franks v. Delaware*, 438 U.S.

154 (1978), is only available to a defendant in a criminal case who is seeking the suppression of evidence on Fourth Amendment grounds where the defendant challenges the truthfulness of an affidavit supporting a warrant. Mr. Wahid is not a defendant in a criminal case. Nor is 15-09155MB a criminal case. Mr. Wahid lacks the standing necessary to be entitled to a *Franks* hearing. To the extent that Mr. Wahid is requesting a hearing pursuant to *Franks*, the Motion will be denied. To the extent that Mr. Wahid is requesting a hearing on his Motion for Return of Property in the civil case, the Motion is referred to the pending civil case for further action deemed appropriate.

The Court cautions Mr. Wahid to file his motions and documents regarding the return of his property under the pending civil case using 2:15-cv-01088-JJT-BSB.

**CONCLUSION**

For the reasons set forth herein,

**IT IS ORDERED** referring the "Motion in Limine" and "Motion for Proof of Probable Cause with Supporting Affidavit Attached" and "Motion for Frank's Evidentiary Hearing" to 2:15-cv-01088-JJT-BSB for further action deemed appropriate.

**IT IS FURTHER ORDERED** that the Clerk of Court file copies of the "Motion in Limine" and "Motion for Proof of Probable Cause with Supporting Affidavit Attached," and "Motion for Frank's Evidentiary Hearing" in 2:15-cv-01088-JJT-BSB.

**IT IS FURTHER ORDERED** denying the "Motion for Frank's Evidentiary Hearing" to the extent Mr. Wahid seeks a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) in the above search warrant case only. To the extent Mr. Wahid seeks a hearing on his Motion for Return of Property in the pending civil case, the "Motion for Frank's Evidentiary Hearing" has been referred to 2:15-cv-01088-JJT-BSB for action deemed appropriate.

Dated this 1st day of September, 2016.

Honorable Eileen S. Willett
United States Magistrate Judge